IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-109-BO

| | | |
|---|---|---|
| MICHAEL RIDDICK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

This cause comes before the Court on motions for judgement on the pleadings [DE 15, 16]. A hearing on this matter was held before the undersigned on February 22, 2022 in Raleigh, North Carolina.[1] For the reasons that follow, the plaintiff's motion is granted and the defendant's motion is denied.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner of Social Security's denial of plaintiff's application for social security benefits. On April 17, 2018, plaintiff filed an application for social security benefits. After initial denials, plaintiff had a hearing before an Administrative Law Judge ("ALJ"). On August 29, 2019, the ALJ issued an unfavorable decision, finding that plaintiff was not disabled. This became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff was born in June 1972 and is a high school graduate.

## DISCUSSION

---

[1] Defendant's counsel appeared by video.

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

2

Case 4:20-cv-00109-BO   Document 21   Filed 03/02/22   Page 2 of 4

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged date of onset. At step two, the ALJ found that plaintiff has the following severe impairments: discogenic and degenerative disorders of the back with status post-surgery residuals. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal a Listing. The ALJ then determined that plaintiff had the RFC to perform a reduced range of light work. Based on the testimony of a vocational expert, the ALJ found that plaintiff could not perform his past relevant work as a groundskeeper or maintenance repairman. However, the ALJ found that plaintiff could perform other jobs that existed in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff alleges that the ALJ erred in finding that plaintiff had a light RFC by cherry-picking information from the medical record and misconstruing the evidence. The Court agrees that there are several instances where the ALJ mischaracterized the medical record. For example, on August 24, 2016, plaintiff's doctor reported that plaintiff's lumbar range of motion was limited, and that plaintiff had repeatable pain. Yet the ALJ characterized this visit, and others where uncontrolled pain was reported, as largely benign. Transcript 21. The ALJ also downplayed the

3

significance of plaintiff's uncontrolled pain leading treating physicians to recommend multiple injections and ultimately surgery for plaintiff. The ALJ characterized some of the surgeries as optional, but notes from plaintiff's doctors show otherwise. For example, a CT scan revealed that plaintiff had a loose screw in his lower back that needed to be replaced. Yet the ALJ characterized the surgery necessary to replace the screw as optional. Transcript 22. After failing to garner pain relief from multiple injections, plaintiff finally had a spinal cord stimulator placed in 2018 to help addressed his severe and ongoing pain. After this, the ALJ fails to note that the medical records indicate failure of medication to help with plaintiff's pain and the need for an adjustment on the spinal cord stimulator.

In sum, the ALJ failed to fully consider the evidence in the record of uncontrolled pain. The ALJ further failed to acknowledge that the medical record supports plaintiff's own testimony concerning the intensity, persistence, and limiting effects of his symptoms. Given that the ALJ's ultimate conclusion is not supported by substantial evidence, the Commissioner's decision must be reversed.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that reversal is appropriate because the ALJ's decision is not supported by substantial evidence. Accordingly, plaintiff's motion for judgement on the pleadings [DE 15] is GRANTED. Defendant's motion [DE 16] is DENIED. The decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this __28__ day of February, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE